IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

GLORIA MARIGNY,                    )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )    No. 17-cv-2312-JPM-tmp
                                   )
DEPARTMENT OF VETERANS             )
AFFAIRS, et al.,                   )
                                   )
     Defendants.                   )

_____

REPORT AND RECOMMENDATION
_____

On May 4, 2017, *pro se* plaintiff Gloria Marigny filed a complaint against the Department of Veterans Affairs and various other defendants.[1]  (ECF No. 1.)  The same day, Marigny filed an application to proceed *in forma pauperis* (ECF No. 2), which the court granted on May 10, 2017 (ECF No. 7).  Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate.

I.    PROPOSED FINDINGS OF FACT

---

[1]The named defendants are Department of Veterans Affairs; Maxim Healthcare (Home Care); North Brooke Healthcare; Regional Hospital of Jackson; Maplewood Healthcare; Tennessee State Veteran's Home; Resource One; Highland of Dyersburg; and Real Nurses.

Marigny's complaint is an employment discrimination form complaint, on which she has checked boxes indicating that her complaint is being brought pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination and Employment Act of 1967 for retaliation and "fraud" based on her race, color, and age. (ECF No. 1 at 1, 3-4.) However, as to the factual basis for these allegations, she states only:

> I filed an EEO Complaint on Dept. of Vet. Affair, after leaving thereafter, I have been discriminated against, my Civil Rights has been violated, by acts of given misleading information, set-up with co-workers working, management coaching employees, manipulation, fraud, misleading given false information in order to provide care to my patients, placing patient at risk of harm, (withholding necessary information.  NO orientation or policy Information provided with/without inquiry.  Deragatory statements toward me.  False allegations of wrong doing, sabatoge, threat to work ethics, blacklisted. Deceitful tactics of management with favorable staff members.  All institution demonstration of same or similar acts prior to probationary period.  Pattern of practice.

(Id. at 4-5 (transcribed as in original).)  As relief, Marigny seeks: "Stop [i]llegal [b]lacklisting, bad references. Damages to [b]e determined soon." (Id. at 7.)

## II.  PROPOSED CONCLUSIONS OF LAW

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii).  In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied.  Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair

notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

Here, Marigny has checked certain boxes asserting certain legal claims, but she has failed to state any facts that could constitute a showing of entitlement to relief. Her vague allegations do not provide any of the defendants with fair notice of the nature of her claims. Screening complaints of a similar style, courts in this district have found:

> Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2), which requires "[a] pleading that states a claim for relief" to contain "a short and

- 4 -

> plain statement of the claim showing that the pleader is entitled to relief." . . . .
>
> Plaintiff's complaint is incomprehensible. The filing does not assert any coherent claim against any person or entity under any colorable legal theory. The Court is not obligated to construct Plaintiff's case for him.

Jones v. Shelby Cty. Sheriff Dep't, No. 15-2217-JDT-cgc, 2015 WL 9997214, at *3 (W.D. Tenn. Dec. 29, 2015), report and recommendation adopted, No. 15-2217-JDT-cgc, 2016 WL 429796 (W.D. Tenn. Feb. 3, 2016); see also Sykes v. L.A. Police Dep't, No. 16-2077-JDT-cgc, 2016 WL 6903822, at *2–3 (W.D. Tenn. Oct. 31, 2016), report and recommendation adopted, No. 16-2077-JDT-cgc, 2016 WL 6902487 (W.D. Tenn. Nov. 23, 2016). Likewise, the court finds that Marigny's complaint does not assert any coherent claim against any entity under any colorable legal theory.

### III. RECOMMENDATION

For the reasons above, it is recommended that Marigny's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice and with leave to amend the complaint within 15 days of an order adopting this recommendation. If Marigny does file an amended complaint, the undersigned will screen said complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 24, 2017
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**