IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| GLORIA MARIGNY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-02312-JPM-tmp |
| ) | |
| DEPARTMENT OF VETERANS ) | |
| AFFAIRS, et al., ) | |
| Defendants. ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION; ORDER
DISMISSING CASE WITHOUT PREJUDICE**

Before the Court is the Magistrate Judge's Report and Recommendation, filed May 24, 2017. (ECF No. 8.) In the Report and Recommendation, the Magistrate Judge recommends "that Marigny's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice and with leave to amend the complaint within 15 days of an order adopting this recommendation." (Id. at PageID 23.)

On June 7, 2017, Plaintiff timely filed her Objection to the Report and Recommendation (ECF No. 9). See Fed. R. Civ. P. 72(b)(2). Defendant did not file a response to Plaintiff's objection. For the reasons stated below, the Court ADOPTS the Report and Recommendation and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint.

**I.    BACKGROUND**

This action involves claimed violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). (See ECF No. 1 at PageID 1.)

In a Complaint filed on May 4, 2017, Gloria Marigny ("Plaintiff"), who is proceeding pro se, asserts that she filed charges against Defendant with the Tennessee Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC") in 2015, 2016, and 2017. (ECF No. 1 ¶¶ 11-12.) Plaintiff has not yet received a Notice of Right to Sue ("RTS") from the EEOC. (See ECF No. 1 at ¶ 14; ECF No. 9 at PageIDs 26-27.) Plaintiff alleges that Defendant discriminated against her by giving her misleading information, making derogatory statements about her, and making false allegations of wrongdoing on Plaintiff's part, among other allegations. (Compl. ¶ 10, ECF No. 1.)

On May 4, 2017, Plaintiff filed her pro se Complaint. (ECF No. 1.) On the same day, Plaintiff moved to proceed *in forma pauperis* (ECF No. 2), which was granted in an Order dated May 10, 2017. (ECF No. 7.) The Magistrate Judge filed a Report and Recommendation on May 24, 2017, recommending the case be dismissed *sua sponte* for failure to state a claim. (ECF No. 8.) Plaintiff timely filed her objection to the Report and Recommendation (ECF No. 9) and filed a Motion to Amend/Correct the Complaint to add Spring Gate Nursing Home as a party. (ECF No. 10.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The portions of the Report and Recommendation as to which no specific objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes;

Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. ANALYSIS

Plaintiff fails to make any specific objections to the Report and Recommendation. In Plaintiff's Objection, she reiterates the facts alleged in her Complaint regarding her Title VII and ADEA claims. (ECF No. 9.) Additionally, Plaintiff reiterates that she has not yet received a Notice of Right to Sue from the EEOC, citing failures on the part of "Louise" and "Willie Fuller." (ECF No. 9 at 2-3.) Plaintiff also claims to "have document[s] and records to support the allegations," (ECF No. 9 at 4), but does not attach any document or record or specify what they may contain. Plaintiff does not otherwise address the lack of factual basis for her claims. (See ECF No. 9.)

Because Plaintiff does not make any specific objections to the proposed findings and recommendations in the Magistrate Judge's report, the Court reviews the Report and Recommendation for clear error. See Howard, 932 F.2d at 509. On clear-error review, the Court hereby ADOPTS the Report and Recommendation (ECF No. 8) and DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint for failure to state a claim.

The Court also notes that the failure to obtain a right-to-sue letter from the EEOC also merits dismissal without prejudice of Plaintiff's Title VII claim. See Rivers v. Barberton Board

3

of Education, 143 F.3d 1029, 1031 (6th Cir. 1998) ("Receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action."); Dixon v. Ohio Department of Rehabilitation & Correction, 181 F.3d 100 (6th Cir. 1999) (holding that the failure to obtain a right-to-sue letter merits dismissal without prejudice).

**IV. CONCLUSION**

Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to adopt the portion of the Report and Recommendation granting Plaintiff leave to amend the Complaint within 15 days of the entry of the instant order. The Court declines to set a deadline for Plaintiff to file a new Complaint in order to allow Plaintiff time to obtain a right-to-sue letter from the EEOC and adequately plead her claims.

**IT IS SO ORDERED,** this 8th day of August, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE